Electronically Filed
Intermediate Court of Appeals
29430
31-MAY-2012
09:36 AM

NO. 29430

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


RAQUEL N.K. FERNANDEZ, Appellant-Appellant, v. HAWAIIAN
HOMES COMMISSION; JOBIE MASAGATANI, in her
capacity as chairperson of the Hawaiian Homes
Commission and the Director of the Department of
Hawaiiian Home Lands;[1] IMAIKALANI P. AIU, PERRY
ARTATES, LEIMANA K. DAMATE, JEREMY K. HOPKINS,
MICHAEL P. KAHIKINA, IAN LEE LOY, HENRY K.
TANCAYO, and RENWICK V.I. TASSILL, in their
capacities as members of the Hawaiian Homes
Commission;[2] and the DEPARTMENT OF HAWAIIAN HOME
LANDS, Appellees-Appellees


APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CIVIL NO. 06-1-1780)


SUMMARY DISPOSITION ORDER
(By: Foley, Presiding Judge, Fujise and Leonard, JJ.)

Appellant Raquel N.K. Fernandez (Fernandez) filed this
secondary appeal from the October 8, 2008 judgment of the Circuit

---

[1]     When the appeal to the Circuit Court of the First Circuit (circuit
court) was filed on October 13, 2006, Micah A. Kane was the Chairperson of the
Hawaiian Homes Commission (the Commission) and the Director of the Department
of Hawaiian Home Lands (DHHL).  The current Chairperson and Director is Jobie
Masagatani who began her term on May 16, 2012.  Pursuant to Hawai'i Rules of
Appellate Procedure (HRAP) Rule 43(c)(1), Jobie Masagatani has been
substituted as a party in place of Micah A. Kane.

[2]     When the appeal to the circuit court was filed on October 13,
2006, Billie Baclig, Donald S.M. Chang, Stuart Hanchett, Malia Kamaka, Francis
Lum, Mahina Martin, Trish Morikawa, and Milton Pa were members of the
Commission.  The current members of the Commission are Imaikalani P. Aiu,
Perry Artates, Leimana K. Damate, Jeremy K. Hopkins, Michael P. Kahikina, Ian
Lee Loy, Henry K. Tancayo, and Renwick V.I. Tassill, and pursuant to HRAP Rule
43(c)(1) are substituted as named parties in this case.

Court of the First Circuit[3] affirming the September 13, 2006 Findings of Fact, Conclusions of Law, Decision and Order of the the Commission, which cancelled DHHL Residential Lease No. 3443 (the Lease) on the basis of a loan default. Although Fernandez's siblings and co-successors to the Lease, Sonia V. Dudoit (Sonia) and Juanito W. Dudoit (Juanito), were named as respondents in hearings before the Commission, they did not appeal from the Commission's decision and are not parties to this appeal.

Fernandez raises two points on appeal: (1) that the circuit court erred in finding that the Commission did not abuse its discretion by cancelling Fernandez's lease; and (2) that the circuit court erred by finding that the Commission and DHHL did not violate their trust obligations and duties by cancelling Fernandez's lease.

The Commission acted within its statutory authority under the Hawaiian Homes Commission Act, 1920 (HHCA) when it cancelled the Lease. HHCA § 216 (2009) authorizes DHHL to "enforce any lien by declaring the borrower's interest in the property subject to the lien to be forfeited, any lease held by the borrower canceled, and . . . order such leasehold premises vacated[.]" By assignment of a loan and mortgage from Countrywide in 2002, DHHL had a lien on the property. Pursuant to HHCA § 209(a) (2009) and § 215(1) and (3), Fernandez, Juanito and Sonia assumed their mother's outstanding loan as successors to the Lease upon her death. A condition of every loan made by DHHL states that the loan "shall be repaid in periodic installments, such installments to be monthly, quarterly, semiannual, or annual as may be determined by the department in each case." See HHCA § 215(2) (2009). The hearing officer and Commission found, and Fernandez does not dispute, that loan was more than $98,000 in arrears and "the Siblings were unable and/or unwilling to satisfy the loan delinquency or meet the monthly

---

[3]     The Honorable Eden Elizabeth Hifo presided.

loan obligation." Given that the loan was in default, DHHL had the authority to enforce it.

Central to the Commission's decision and the decision of the circuit court was the fact that the three co-successors to the Lease could not agree how to share or divide the rights to the property. Despite an attempt by the Commission to facilitate an agreement among the siblings, apparently none was reached. Fernandez does not challenge the circuit court's findings that she and her siblings "failed to achieve a compromise which would satisfy their debt." Nor does Fernandez dispute the dispositive fact in this case -- that Juanito was unwilling to pay on the debt without being allowed access or without assuming the Lease in his name alone. "Findings of fact . . . that are not challenged on appeal are binding on the appellate court." Okada Trucking Co., Ltd. v. Bd. of Water Supply, 97 Hawaiʻi 450, 458, 40 P.3d 73, 81 (2002). The amount owing on the loan, disputed only by Fernandez, is irrelevant to Juanito's position. As explained in the successorship designation signed by their mother, as joint tenants, the siblings "are equally entitled to an undivided interest in a specific piece of real property." Without a resolution of the joint tenant's dispute, DHHL acted within its discretion in cancelling the Lease.

In her second point on appeal, Fernandez tries to recast her situation as one in which DHHL breached its fiduciary duty to keep her on Hawaiian Home Lands. The Commission is charged with the obligation to administer the program solely in the interests of the beneficiaries and to use reasonable skill and care to make the property under its care productive, that is to say, "to act as an ordinary and prudent person would in dealing with his own property." Ahuna v. Dept. of Hawaiian Home Lands, 64 Haw. 327, 340, 640 P.2d 1161, 1169 (1982). However, Fernandez also admits that DHHL's fiduciary duties are controlled by the trust document, the HHCA. Under the HHCA, the actions that Fernandez alleges DHHL failed to take are discretionary, a conclusion which Fernandez concedes. Nevertheless, Fernandez

argues that DHHL and the Commission breached their fiduciary duties when they (1) did not collect debt from the original co-borrowers, her mother and stepfather; (2) did not assess her ability to pay and reduce the amount owing on the loan accordingly; (3) charged 8.5 percent interest, rather the minimum 2.5 percent allowed by statute; and (4) did not adequately inform her about the loan.

First, DHHL was not required by statute to pursue the original borrowers for the delinquency. Section 216 grants DHHL the discretion to accelerate payments of any loan upon delinquency. See HHCA § 216(b) ("the department may declare all principal and interest of the loan immediately due and payable") (emphasis added). From the record, it appears that DHHL first learned of the delinquency in December 2000. Soon after, DHHL warned Fernandez's mother, the leaseholder, that the delinquency needed to be addressed or she faced cancellation of the Lease. Fernandez's mother and stepfather, two months later, filed for bankruptcy. DHHL does not dispute that it did not pursue Fernandez's mother for payments after the bankruptcy proceedings ended, but offers no reason why it did not. However, in light of her circumstances--eighty years old, bankrupt, and living on Social Security payments--DHHL's decision not to pursue her for the delinquency was not unreasonable.

The terms and conditions of the mortgage state that the responsibility for repayment extends to the borrowers' successors and that the borrowers' liability is joint and several. Inasmuch as the Commission and the circuit court found that one successor, Juanito, could pay the delinquency if he wished, the department had no need to pursue the stepfather. Although his liability on the debt was not extinguished by his stepchildren's succession to the Lease, as a practical matter DHHL's ultimate recourse--cancelling the Lease and evicting the tenants--has no effect on him, because he did not live on the property and, as he is not Hawaiian, could never be a leaseholder.

4

Second, DHHL was not violating its trust duties when it pursued payment by the successors at the interest rate set in the original loan. Although HCCA § 215(3) allows DHHL, at its discretion, to write off or delay interest payments on a loan once it has performed an appraisal, the Act does not require DHHL to evaluate the financial position of each co-successor individually before it refuses to write-off the debt. Here, at least one successor was found to be able to meet the loan obligations as demanded by DHHL. Accordingly, DHHL did not violate the HHCA by not writing off debt based on another successor's professed inability to pay.

Furthermore, HHCA § 215(2)[4] allows for interest rates higher than two and one-half percent on loans not made from the Hawaiian home loan fund, i.e., loans assigned to DHHL. Given that Juanito admitted to being able to assume the debt, even at the 8.5 percent interest, DHHL did not violate the terms of its trust by failing to reduce those interest rates.

Lastly, Fernandez's argument that DHHL and the Commission failed to adequately inform her about the mortgage debt attached to the Lease is not supported by the record. Although the circuit court negated the hearing officer's finding that DHHL had mailed a letter to the successors regarding the amount outstanding on the loan, the Commission found that a DHHL staff member met with the siblings shortly after Dudoit's death and informed them of their successorship to the Lease and the

---

[4]   HHCA § 215(2)(2009) states:

> All unpaid balances of principal shall bear interest at the rate of two and one-half per cent a year for loans made directly from the Hawaiian home loan fund, or <u>at the rate of two and one-half per cent or higher</u> as established by law <u>for other loans</u>, payable periodically or upon demand by the department, as the department may determine. The payment of any installment due shall be postponed in whole or in part by the department for such reasons as it deems good and sufficient and until such later date as it deems advisable. Such postponed payments shall continue to bear interest on the unpaid principal at the rate established for the loan.

(Emphasis added.)

debt associated with it. Fernandez's own testimony indicates that a DHHL employee attempted to notify her of the amount due and that she contacted a DHHL office and was told that the monthly payment owing on the loan was $800. Fernandez does not dispute the adequacy of the notice of contested case hearing, which provided a statement of the delinquent amount, principal balance, and interest owing on the account. Although Fernandez argues on appeal that DHHL and the Commission lead her "to believe that her one hundred dollar monthly payments were sufficient to remedy a debt[,]" neither Fernandez's testimony before the Commission nor the record supports a conclusion that DHHL or its agents had made such an agreement.

Even assuming that the DHHL and Commission provided Fernandez with inadequate information on the amount of the loan obligation between 2002 and 2006, any error would be harmless based on the unchallenged findings that a co-successor, who does not allege inadequate notice or dispute the amount in default on the loan, refused to surrender his claim to the Lease, to which he is equally entitled. The Commission did not violate its trust responsibilities in cancelling the Lease.

## VI. Conclusion

The October 8, 2008 judgment of the Circuit Court of the First Circuit is affirmed.

DATED: Honolulu, Hawai'i, May 31, 2012.

On the briefs:

Anthony F. Quan, Jr. and
Alan T. Murakami,
Native Hawaiian Legal Corp.
for Appellant-Appellant.

Presiding Judge

Diane K. Taira,
Clayton Lee Crowell, and
Lisa C. Oshiro,
Deputy Attorneys General,
for Appellees-Appellees.

Associate Judge

Associate Judge

6